IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DWAYNE EDDIE WILLIAMS,<br><br>            Plaintiff<br><br>    VS.<br><br>DR. BRADLEY, *et al.*,<br><br>            Defendants | NO. 5:08-CV-209 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendants LIEUTENANT BAXTER and SHERIFF ROPER and a separate motion seeking dismissal filed by defendant DR. BRADLEY. Tab #16 and Tab #20. Therein, all defendants allege that plaintiff DWAYNE EDDIE WILLIAMS' action should be dismissed, *inter alia*, on grounds of *res judicata* and the plaintiff's failure to state a claim. Plaintiff WILLIAMS has responded to these motions (Tab #34 and Tab #41) and the defendants have replied thereto (Tab #35, Tab #37, Tab #38). Moreover, plaintiff WILLIAMS filed two motions asking the court not to dismiss his case (Tab #46 and Tab# 48) both of which the undersigned denied as improper but with the proviso that the contents of the motions would be considered as further responses to the defendants' motions seeking dismissal (Tab #50).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff WILLIAMS filed the instant action on June 30, 2008, asserting a violation of his Eighth Amendment rights pursuant to 42 U.S.C. §1983. Tab #1. In his COMPLAINT, he avers that on August 3, 2006, while in the custody and care of the Jasper County Sheriff's Department, he began hearing voices. Thereafter, he advised jail officials of this problem and was taken to Central State Hospital where he was treated by defendant DR. BRADLEY. Plaintiff claims that DR. BRADLEY treated him by giving him a Remeron® pill to stop the voices; he further asserts that a few hours later, as a result of taking this pill, his penis became erect. When plaintiff discovered that his penis was still erect the next day, he notified an orderly and, after being examined by another unnamed doctor, was transported to a Milledgeville hospital. Plaintiff recalls that while in the Milledgeville hospital he was treated by a Dr. Stielmon. According to the plaintiff, Dr. Stielmon was unable to resolve the plaintiff's erection. Later that same day, plaintiff was returned to the Jasper County Jail and placed in administrative segregation.

The following day, defendant BAXTER transferred plaintiff from administrative segregation to the general population dormitory. Plaintiff alleges that, during the transfer, he complained about his erection to defendant BAXTER. He also alleges that he told BAXTER that he had been given a referral to Augusta Medical Center. Plaintiff next claims that he was transported to Grady Hospital in Atlanta on August 8, 2006, but that while the doctors at Grady were able to reverse plaintiff's erection, he now has a "dead stick."

Plaintiff contends that DR. BRADLEY violated his Eighth Amendment rights because he administered the medication that allegedly led to his priapism without providing him with information about or warnings of this potential side effect. With regard to defendant BAXTER, plaintiff avers that she had knowledge of his serious medical need and was deliberately indifferent thereto by delaying his access to medical care. With regard to defendant SHERIFF ROPER, while the plaintiff does not allege the Sheriff's *personal* participation in the alleged delay, he reasons that, by virtue of his supervisory position, the Sheriff should also be held responsible for delaying his access to medical care.

**LEGAL STANDARD**

MOTION TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

*R*ES *J*UDICATA

*Res judicata* or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541 (11th Cir. 1986). In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases. *Id.*

D<small>ISCUSSION</small>

D<small>EFENDANTS</small> B<small>AXTER AND</small> R<small>OPER</small>

As was noted above, all of the defendants in this action seek to have the instant case dismissed on the basis that the suit is barred by the doctrine of *res judicata* and because plaintiff W<small>ILLIAMS</small> has failed to state a claim. With regard to defendants B<small>AXTER</small> and R<small>OPER</small>, the undersigned agrees that the instant suit is barred by *res judicata,* to wit: prior to filing the instant action, plaintiff W<small>ILLIAMS</small> filed an action in this court against the Jasper County Sheriff's Department, Central State Hospital, Pharmaceutical, Officer Chris, Officer Dupree, Ann Baxter, and Charles Roper. See *Williams v. Jasper Co. Sheriff's Dep't, et al.*, Civil Action No. 05:08-CV-148 (CAR), M.D. Ga., Macon. The complaint in this previous action, filed on April 28, 2008, alleged the same circumstances as the instant action. U. S. District Judge C. Ashley Royal reviewed and then dismissed plaintiff's prior suit as frivolous. It is apparent that the previously enumerated elements of the doctrine of *res judicata* have all been met with regard to defendants B<small>AXTER</small> and R<small>OPER</small>. Accordingly **IT IS RECOMMENDED** that the motion seeking dismissal filed by defendants B<small>AXTER</small> and R<small>OPER</small> (Tab #16) be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

DEFENDANT DR. BRADLEY

With regard to the Motion to Dismiss filed on behalf of DR. BRADLEY, the undersigned is not convinced that the claims against him are appropriately barred by *res judicata*. However, due consideration must be given to the defendant's contention that plaintiff WILLIAMS has failed to state an actionable constitutional claim against DR. BRADLEY.

As noted above, when ruling on a motion to dismiss, all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. However, even accepting as true plaintiff WILLIAMS' allegation that DR. BRADLEY administered certain medication to him without providing him with information about its potential side effects, such allegation amounts only to negligence. Complaints which are based upon the theory of negligence are <u>not</u> actionable under 42 U.S.C. §1983. *Daniels v. Williams*, 474 U.S. 327, 88 L. Ed.2d 662, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986). Accordingly, **IT IS RECOMMENDED** that the Motion to Dismiss filed by DR. BRADLEY (Tab #20) be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.[1]

The Clerk is directed to serve plaintiff at the <u>LAST</u> <u>ADDRESS</u> <u>provided</u> <u>by</u> <u>him</u>.

SO RECOMMENDED, this 6th day of JANUARY, 2009.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Also pending before the court is plaintiff's MOTION FOR A WITNESS. Tab #45. In light of the foregoing recommendations, plaintiff's MOTION FOR A WITNESS is DENIED as moot.