IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DWAYNE EDDIE WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:08-CV-209 (HL) |
| DR. BRADLEY, et al., | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Proceed on Appeal In Forma Pauperis (Doc. 85) (the "IFP Motion") and the Plaintiff's Motion for Appointment of Counsel (Doc. 83) (the "Motion to Appoint"). For the following reasons the Motions are denied.

**I.    IFP Motion**

According to Federal Rule of Appellate Procedure 24(a), a party who wishes to pursue an appeal in forma pauperis must file an affidavit which includes the following: (a) a statement of the party's inability to pay or to give security for fees and costs; (b) a statement claiming entitlement to redress; and (c) a statement of the issues that the party intends to present on appeal. The Plaintiff's Motion in this case is deficient because it includes neither a statement of entitlement nor a statement of the issues on appeal. The IFP Motion (Doc. 85) is denied.

**II.   Motion to Appoint**

A district court has discretion to request that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e)(1). Such appointment "is . . . a privilege" which is "'justified only by exceptional circumstances,' such as the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" In this case, the Plaintiff has not identified the issues he wishes to pursue on appeal. Therefore, the Plaintiff has not shown that exceptional circumstances justify the appointment of counsel. The Motion to Appoint (Doc. 83) is denied.

**SO ORDERED**, this the 30th day of March, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge

jch